UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 5:23-CR-0039 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | |
| GREGORY CUNNINGHAM, JR, | ) ) | OPINION AND ORDER |
| Defendant. | ) ) | |

**CHRISTOPHER A. BOYKO, J.:**

  Defendant, through counsel, has moved the Court to reconsider his sentence in light of a recent Sixth Circuit case, *United States v. Ivy,* 93 F.4th 937 (6th Cir. 2024). In *Ivy,* the Sixth Circuit held that a conviction for Aggravated Robbery with a Deadly Weapon under Ohio Revised Code § 2911.01(A)(1), without further information that the aggravated-robbery conviction is predicated on a particular underlying theft offense, is not a crime of violence. *Id.* at 941.

  Defendant raised an issue prior to sentencing that his prior conviction for Aggravated Robbery should not qualify as a crime of violence and he should not be subject to a base offense level of 22 under U.S. Sentencing Guideline § 2k2.1(a)(3). The Government opposed this argument and the Court ordered cross-briefs on the issue. (See Order 8/25/23.) After consideration the Court found in favor of the Government. Defendant was assessed a base offense level of 22 with a three-level adjustment for acceptance of responsibility. (ECF #35,

1

Statement of Reasons.)  On September 11, 2023, he was sentenced to a custodial term of 53 months with a three-year period of supervised release to follow.  (ECF #34, Judgment.)

The Sixth Circuit subsequently issued *Ivy* and Defendant now moves the Court to "reconsider this sentencing for [Defendant] to comport with the 6th Circuit precedent."  (ECF #36, Motion.)  The Government opposes the motion on three bases: (1) the Court has no freestanding authority to modify Defendant's sentence; (2) if the Court construes the motion as a § 2255 motion, it is not cognizable; and (3) the facts of *Ivy* are distinguishable from the facts in this case such that *Ivy* does not offer relief.  (ECF #37.)

As an initial matter, the Court declines to construe Defendant's motion as a § 2255 motion.  Section 2255 motions are governed by their own robust body of case law and Defendant's counsel is assumed to be aware of the particular rules and nuances that govern 2255 practice.  Had Defendant's counsel sought to invoke that body of law, he would have done so explicitly.

The Court will not reach the merits of Defendant's *Ivy* argument because it is without authority to resentence the Defendant.  Defendant argues that the Court possesses "inherent authority and continuing jurisdiction over Defendants in criminal matters" and "inherent authority to ensure that all of its rulings including criminal sentencing are in fact-maintained properly."  (ECF #38.)  Defendant's argument is wrong.  Sixth Circuit precedent is clear that "[t]he authority of a district court to resentence a defendant is limited by statute." *United States v. Houston,* 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross,* 245 F.3d 577, 585 (6th Cir. 2001)).  In fact, the Sixth Circuit has explicitly rejected Defendant's "inherent authority" argument.  In *Houston,* the Sixth Circuit included the footnote: "The *Ross* court

rejected the argument that a sentencing court has any inherent power to modify a sentence of imprisonment." *Id..* at 748 n.1, citing *Ross,* 245 F.3d at 586.

The Court is without inherent authority to grant Defendant's motion and Defendant does not offer any statutory authority in support of his motion. Accordingly, the Court may not resentence Defendant. Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

/s Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: June 25, 2024**